**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:07-CR-173- |
| | § | ALM |
| TIMOTHY DULIN (2), | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Timothy Dulin's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 29, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson, of the Federal Public Defender's Office. The Government was represented by Colleen Bloss.

Defendant was sentenced on April 30, 2008, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Bank Robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. Due to a binding plea agreement, he received a departure and was subsequently sentenced to 130 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and substance abuse treatment, mental health and anger management treatment, in addition to abstaining from alcohol consumption, $1,150 restitution, and a $100 special assessment. On

April 3, 2017, Defendant completed his period of imprisonment and began service of the supervision term. On February 17, 2017, this case was reassigned to The Honorable Amos L. Mazzant, III. On June 13, 2018, Defendant's original term of supervision was revoked. The Court sentenced Defendant to 24-months imprisonment followed by 12-months of supervised release. Said term of supervised release is subject to the standard terms of supervision plus special conditions to include financial disclosure, drug aftercare, no consumption of alcohol, anger and mental health counseling. On February 20, 2020, Defendant completed the imprisonment term and began serving the term of supervised release.

On October 9, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 100, Sealed]. The Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; and (2) You must successfully participate in and complete a program of counseling for anger management, and must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treatment physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. [Dkt. 100 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On October 9, 2020, a statement alleging [Defendant] engaged in the offense of Terrorist Threats, in violation of Texas Penal Code § 22.07, against Kris Boggs was received by our office from her. In the statement Ms. Boggs alleges that [Defendant] reported to her place of business and threaten to kill her and anyone else who attempted to involve themselves in his matters. Additionally, the statement alleges that [Defendant] proceeded to follow Ms. Boggs home and attempted to run her off the road twice.

REPORT AND RECOMMENDATION – Page 2

She advised that she flagged down a Denton Police Officer in rout home, who confirmed they would further investigate the claims.  No records have been obtained verifying contact by the Denton Police Department.  As of this writing, formal charges have not been filed.  Additionally, it is alleged [Defendant] committed the offense of Harassment in violation of Texas Penal Code § 42.07, on or around September 24, 2020, and again on or around October 7, 2020, by sending numerous text messages to Kris Boggs in a manner that was reasonably likely to harass, annoy, alarm, and torment Ms. Boggs.  Additionally, it is alleged [Defendant] committed the offense of Stalking in violation of Texas Penal Code § 42.072, as evidenced by his continued pattern of conduct over several weeks from September 24, to October 8, 2020, by making verbal threats to kill Ms. Boggs, making verbal threats to kill anyone who interferes in their matter, sending numerous text messages, making numerous calls, running her off the road, all of which would cause a reasonable person to fear bodily injury or death for themselves, and to feel harassed, annoyed, alarmed, abused, and tormented.  Additionally, on or about June 23, 2020, allegations of Assault Causing Bodily Injury were reported to the Denton, Texas, Police Department.  The report confirmed the Denton Police Department was dispatched to the defendant's residence after receiving a call of psychical domestic dispute between [Defendant] and Ms. Boggs.  Denton Police Department confirmed upon arrival [Defendant] was not present at the residence.  Ms. Boggs reported upon arriving home from work and was using the restroom when [Defendant] entered the restroom, grabbed her and shoved her head backwards with one of his hands causing her had to strike the wall which caused physical pain.  [Defendant] also stepped on her right foot during the incident causing physical pain and a red abrasion.  On July 10, 2020, the Denton Police Department stopped investigating the matter due to Ms. Boggs not fully cooperating with their investigation; and (2) Notification of treatment noncompliance confirmed [Defendant] has failed to report and

participate in Mental Health Treatment as directed.   [Defendant] has failed to participate in treatment for the months of August and September 2020. [Dkt. 100 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2 of the Petition.   The Government dismissed the remaining allegation.   Having considered the Petition and the plea of true to allegation 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the Tucson, Arizona area, if appropriate.

**SIGNED this 26th day of February, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE